**12 CIV 9403**

Vikrant Pawar, Esq.
Robert Blossner, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiffs*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KALVIN HINDS, KRISTAL RUIZ on behalf of
Herself and her minor KADEN HINDS,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, P.O. MATTHEW
MCCOY, SGT. MATTHEW DELANEY, JOHN
AND JANE DOES, 1-10, ET AL.,

                Defendants.
------------------------------------------------------------x

**COMPLAINT**

**Jury trial Demand**

       Plaintiffs KALVIN HINDS, KRISTAL RUIZ on behalf of Herself and her minor KADEN HINDS (hereinafter "Plaintiffs" unless otherwise noted) by and through their attorneys, Vikrant Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action for compensatory damages, punitive damages, injunctive relief and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiffs have duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiffs are citizens of the United States, and at all relevant times residents of the County of Bronx, State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendants McCoy, Delaney and other yet to be named individual defendants are employees of defendant City and assigned to the 50th precinct and are sued in their individual, supervisory and official capacities and are alleged to have acted under the color of state law.

## FACTS

10. Plaintiffs are African-American and were legally and lawfully parked outside the vicinity of 2811 Exterior Street on April 19, 2011.

11. Plaintiff KALVIN Hinds was in the passenger seat, plaintiff Kristal Ruiz was in the driver's seat and their minor three (3) month old son Kaden Hinds was in the rear passenger seat.

12. Unbeknownst to plaintiffs, defendants suspected plaintiff KALVIN Hinds to be in possession of a weapon. However, they did not observe plaintiff KALVIN Hinds out on the street to do a "stop and frisk".

13. Plaintiffs were about to drive away when defendants McCoy and Delaney used their night-stick to smash the passenger door windows of the car.

14. After this illegal seizure, plaintiff KALVIN Hinds was dragged outside of the car while plaintiff Kaden Hinds was hysterically crying.

15. Plaintiff Crystal Ruiz demanded to know why the officers were acting in that violent fashion. However, her requests were ignored.

16. Defendants dragged plaintiff KALVIN onto the sidewalk, beat him and unlawfully frisked him for weapons.

17. When the defendant did not find any contraband on plaintiff KALVIN, they nevertheless arrested him on baseless charges to cover-up their unlawful behavior.

18. Plaintiff was charged with (1) reckless endangerment of a minor in the 2nd degree (for Kaden Hinds even though it was the defendants who endangered Kaden's welfare), (2) obstruction of governmental administration in the 2nd degree (unclear what governmental administration he was obstructing) and resisting arrest (because plaintiff questioned defendants' unlawful behavior).

19. After making numerous court appearances, the charges against plaintiff KALVIN Hinds were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest and Unlawful Seizure)

20. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "19" with the same force and effect as if fully set forth herein.

21. There was no probable cause for the arrest or the continued incarceration or the unlawful seizure of the vehicle and as such it resulted in violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

22. As a result of the aforementioned conduct of defendants, Plaintiffs constitutional right to be free from unreasonable search and seizure violated and they sustained physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

23. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to Plaintiffs and in violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

25. As a result of the foregoing, Plaintiffs was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

26. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants by filing false and trumped up charges against Plaintiff KALVIN knew that Plaintiff would have to endure numerous court appearances, hire an attorney and yet defendants fabricated evidence.

28. Due to defendants' actions, Plaintiffs was deprived of life and liberty interest for a prolonged period.

29. Defendants' actions constituted malicious prosecution because they filed false charges against Plaintiffs and yet failed to drop or pursue the charges because they knew the charges were trumped up and the arrest was made solely in retaliation because Plaintiffs exercised their right under the First Amendment and because of his race and color. As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time and subjected to violation of their state and federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive force)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. One of the Defendants used unreasonable force against Plaintiffs causing a fracture and laceration of his finger and other cuts and bruises.

32. As a result of defendants' conduct, Plaintiffs suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, assaulting and battering individuals suspected of crimes without due process based on their race and color and for voicing their concerns about police brutality and further doing unconstitutional vertical and exterior sweeps of buildings and unlawful stop and frisk solely to harass and intimidate minorities. In addition, the City and Police Department

engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiffs rights as described herein.

36. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

37. The foregoing customs, policies, usages, practices, procedures and rules of the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiffs as alleged herein.

38. Defendants, collectively and individually were directly and actively involved in violating Plaintiffs' constitutional rights.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Violation of Section 1981)

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants targeted Plaintiffs and subjected them to unlawful seizure and excessive force because of their race and color and caused them deprivation of their constitutional rights.

41. As a result of these actions, Plaintiffs suffered injuries.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Violation of Eighth Amendment Rights)

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Plaintiffs Kalvin Hinds was suffering from injuries inflicted upon him by the individual defendants.

44. Yet, defendants ignored his pleas and subjected him to further pain and were deliberately indifferent to Plaintiff's medical needs and condition.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants actions and conduct denied plaintiff the right to a fair trial and hearing and prolonged his unlawful seizure and him being maliciously prosecuted.

47. As a result of this, plaintiff was injured.

## AS AND FOR A NINETH CAUSE OF ACTION
(Supervisory Liability)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The Defendant supervisors had the supervisory duty to control their sub-ordinates. Instead through their own actions and inaction, plaintiff suffered injuries and therefore they are liable under supervisory liability.

## AS AND FOR A TENTH CAUSE OF ACTION
(Retaliation)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants threatened and attempted to bully plaintiff into providing them with information about a gang based in Queens. However, plaintiff was unaware of any gangs and informed the defendants about this fact. Because the plaintiff refused to falsely accuse or implicate others, defendants retaliated against him by arresting him and fabricating evidence against him that resulted in him being maliciously prosecuted and as a result, plaintiff suffered injuries.

WHEREFORE, Plaintiffs demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiffs against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       December 27, 2012

Vikrant Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vikrant Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiffs*

WHEREFORE, Plaintiff demands judgment against Defendants on all pages in an action for and severally, judgment as follows:

(A) not less than one hundred thousand dollars ($100,000) for Trademark Through Dollars for each and every cause of action the Plaintiff agreed to lower

(B) actual and [illegible] prejudgment by cause

(C) entire [illegible] [illegible] [illegible] to show

(D) [illegible] attorney's fees and the costs expenses of this action

together with

(E) such other and further relief as the spirit here and powers.

Dated: New York, New York
December 27, 2012

[illegible signature block]